UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| ALAN M. SCHLOTTMANN,<br><br>　　　　　Plaintiff,<br><br>vs.<br>THE STATE OF NEVADA, EX. REL BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, *et al.*,<br><br>　　　　　Defendants. | 2:12-cv -00692-JCM-VCF<br><br>**ORDER** |

　　　　Before the court is Plaintiff Alan M. Schlottmann's Objection and Motion to Reconsider Magistrate Judge Cam Ferenbach's Minute Order Denying Discovery Plan (hereinafter "Objection and Motion"). (#15). On July 31, 2012, the Honorable James C. Mahan referred the issues raised in the Objection and Motion (#15) to the undersigned Magistrate Judge for reconsideration.

**BACKGROUND**

　　　　Plaintiff Schlottmann filed his complaint in the Eighth Judicial District Court, Clark County, Nevada, on December 20, 2012. (#1-2). The action was removed to this court on April 25, 2012, based on Federal Question jurisdiction under 28 U.S.C. §§§ 1331, 1441(a)-(b), and 1367. (#1). Defendants filed their answer on June 15, 2012. (#12). The Discovery Plan and Scheduling Order was due by July 30, 2012. *Id.* The parties filed a document on July 18, 2012, entitled "Stipulated Discovery Plan and Scheduling Order; Special Scheduling Review Requested" (hereinafter "Discovery Plan"). (#13). This

document does not comply with LR 26-1 (e), headed "Form of Stipulated Discovery Plan and Scheduling Order, Applicable Deadlines." That rule provides that "[t]he discovery plan <u>shall include</u>, in addition to the information required by Fed. R. Civ. P. 26(f), the following information: . . ." (Emphasis added.) LR 26-1 (e). The required information is listed in subsections (1) – (7) of LR 26-1(e). Other than stating the date when the defendant answered plaintiff's complaint and including a signature line for the judge, the Discovery Plan (#13) filed by plaintiff does not include any of the required information. *See* LR 26-1(e)(1)−(7).

The Discovery Plan filed by the plaintiff was not a plan at all, but a joint request by the parties that (1) the commencement of discovery as well as all applicable discovery deadlines be stayed pending the scheduling and occurrence of an Early Neutral Evaluation Conference (hereinafter "ENE") in this case, and (2) in the event there is no settlement, the parties submit a Discovery Plan and Scheduling Order in compliance with court rules within 14 days after conclusion of the ENE conference. (#13).

As discussed more fully below, the court has reviewed Plaintiff's Objection and Motion (#15), and finds plaintiff's arguments to be without merit. The parties must file a Discovery Plan and Scheduling Order in compliance with the applicable Federal and Local Rules, on or before August 17, 2012.

**PROCEDURAL ISSUES**

The issue decided by the Minute Order (#14) entered on July 18, 2012, was whether or not discovery should be stayed in this action. This is a pretrial matter which the undersigned Magistrate Judge may hear and finally determine, as it is not a matter specifically enumerated as an exception under 28 U.S.C. § 636(b)(1)(A). *See* 28 U.S.C. § 636(b)(1)(A); LR IB 1-3. Accordingly, any objection to the Minute Order (#14) is governed by LR IB 3-1, entitled "Review And Appeal – United States Magistrate

Judge; Review Of Matters Which May Be Finally Determined By A Magistrate Judge In Civil And Criminal Cases." LR IB 3-1; *See* 28 U.S.C. § 636 (b)(1)(A).

Plaintiff's Objection and Motion (#15) incorrectly invokes LR IB 3-2, which establishes procedures for the "Review Of Matters Which May Not Be Finally Determined By A United Stats Magistrate Judge In Civil And Criminal Cases, Administrative Proceedings And Probation Revocation Proceedings." LR IB 3-2; *See* 28 U.S.C. § 636(b)(1)(B).

In accordance with 28 U.S.C. § 636 (b)(1)(A), the standard of review under LR IB 3-1 is "clearly erroneous or contrary to law," while under LR IB 3-2, the district judge makes a *de novo* determination of the issues. *See* LR IB 3-1(a) and 3-2(b).

Plaintiff's Objection and Motion confuses these two standards. (#15). In the Standard of Review section, plaintiff cites *Gordon v. Vasquez*, 859 F. Supp. 413 (E.D. Cal. 1994), for the proposition that "[t]he District Court must review the Magistrate's findings of facts and conclusions of law de novo. *Id.* at 416; *McDonnell Douglas Corp. v. Commodore Bus. Machines Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); 28 U.S.C. §636(b)(1)." *Id* at page 3, line 8.

Here is the actual language of Judge Karlton's order in the *Gordon* case:

> On the other hand, a magistrate judge's determination concerning matters referred pursuant to 28 U.S.C. § 636(b)(1)(B) are for the most part reviewed *de novo*. Thus, the district court reviews de novo those portions of the proposed findings of fact to which objection has been made, 28 U.S.C. § 636(b)(1)(C); *McDonnell Douglas Corp. v. Commodore Business Machines, Inc.*, 656 F.2d 1309, 1313 (9th Cir.1981).

*Gordon,* 859 F. Supp. at 416.

In his argument, plaintiff blurs the distinction between matters which may be finally determined by a Magistrate Judge under 28 U.S.C. § 636(b)(1)(A) with those which require findings and recommendations under 28 U.S.C. § 636(b)(1)(B). (#15). Plaintiff thus creates the impression that the

ruling objected to must be reviewed *de novo*. *Id.* After erroneously setting the highest possible standard of review, at page 7 line 15, plaintiff then confusingly argues that denial of a discovery stay in this case "was clearly erroneous and contrary to law." *Id.*

**RECONSIDERATION**

The undersigned Magistrate Judge takes seriously his obligation under Fed. R. Civ. P. 1 to administer the civil rules "to secure the just, speedy and inexpensive determination of every action and proceeding." Staying discovery without a fixed date for the end of the stay often results in undue delay. It is well-established that a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (*citing Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

Fed. R. Civ. P. 26(f) and LR 26-1 mandate the setting of deadlines for completing pretrial tasks, so that the parties will prepare their cases for trial in a just, speedy and inexpensive manner. A minimal amount of effort is required to prepare and file a Discovery Plan and Scheduling Order. Once the Discovery Plan and Scheduling Order is filed, the only discovery which must be completed within a short period of time is the exchange of initial disclosures. This exchange of information is not burdensome and might aid in preparation for a successful ENE.

The parties are free to request an extension of the Rule 26-1 deadlines, justifying the request by their agreement to hold off on expensive discovery until after the ENE is concluded. *See* LR 26-4. If the ENE is delayed, appropriate extensions are possible. *Id.* Requiring the filing of the Discovery Plan and Scheduling Order now will create a schedule which can be adjusted depending on the date of the ENE. As reflected in the case law cited by plaintiff (#15), blanket stays of discovery are reserved for unusual circumstances.

*Andrus v. D.R. Horton, Inc.*, 2:12-CV-00098-ECR, 2012 WL 1971326 (D. Nev. June 1, 2012), cited by plaintiff, involved a motion to compel arbitration. When a motion to compel arbitration is pending, discovery in the District Court case is very limited, and the court may stay an action as to not deprive the parties "of the inexpensive and expeditious means by which the parties had agreed to resolve their disputes." *See Simula, Inc. v. Autoliv, Inc.,* 175 F.3d 716, 726 (9th Cir. 1999)(citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 404, 87 S.Ct 1801, 18 L.Ed.2d 1270 (1967); *see also Sparking v. Hoffman Construction Co.,* 864 F.2d 635, 638 (9th Cir. 1988); *Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir.1984). There is no motion to compel arbitration pending in the instant matter.

The Private Securities Litigation Reform Act of 1995 (hereinafter "PSLRA"), also cited by plaintiff, imposes a mandatory stay on discovery in actions relevant to that Act until an initial motion to dismiss is decided. *See* 15 U.S.C. § 78u-4(b)(3)(B) (providing that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss..."). The purpose and intent of the PSLRA mandatory stay is: (i) "to prevent unnecessary imposition of discovery costs on defendants;" and (ii) to ensure that class action complaints "stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed." *SG Cowen Sec. Corp. v. U.S. Dist. Ct.,* 189 F.3d 909, 911-12 (9th Cir. 1999). *See also In re Metro. Sec. Litig.*, 2005 U.S. Dist. LEXIS 46033, at *11-*12 (E.D. Wash. 2005).

The policy reasons behind the PSLRA's legislative limitation on discovery do not apply to this action. Plaintiff's complaint alleges (1) employment discrimination under the Age Discrimination in Employment Act of 1967, as amended 29 U.S.C. § 621 *et seq.,* and the Nevada anti-discrimination statutes, N.R.S. 613.310 *et seq.*, (2) a claim for retaliation, and (3) a claim for negligent hiring, supervision, and retention. (#1-2). Plaintiff's claims on behalf of himself do not arise under the

PSLRA, and the mandatory stay provided by 15 U.S.C. § 78u-4(b)(3)(B) is not applicable. *Id; See also* 15 U.S.C. § 78u-4(a)(1)(stating that "[t]he provisions of this subsection shall apply in each private action arising under this chapter that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.").

In certain circumstances, a pending motion to dismiss might justify a discovery stay for the reasons articulated by then Magistrate Judge Hunt in *Turner,* 175 F.R.D. 554. Even when a motion to dismiss is pending, a showing that discovery may involve some inconvenience and expense does not suffice to establish good cause for the stay of discovery. *Turner*, 175 F.R.D. at 556 (*citing Blankenship,* 519 F.2d at 429); *Twin City*, 124 F.R.D. at 653. The factors the court considers in those circumstances do not apply here, as there is no motion to dismiss pending in this matter.

**CONCLUSION**

Accordingly, and for good cause shown,

Plaintiff Alan M. Schlottmann's Motion for Reconsideration (#15) is GRANTED.

After reconsidering the request for discovery stay, in light of the arguments raised by Plaintiff in his Objection and Motion (#15), the Court finds that a discovery stay should not be entered in this case.

THEREFORE, IT IS ORDERED that the parties must file a Discovery Plan and Scheduling Order on or before Friday, August 17, 2012.

DATED this 1st day of August, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE